UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. **CV 20-2902-GW-Ex** | Date **May 27, 2020** |
| Title *Darnell Henley v. Walmart Stores, Inc.* | Page 1 of 3 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS – RULING ON PLAINTIFF'S MOTION FOR REMAND TO STATE COURT [13]**

Darnell Henley ("Plaintiff") filed suit in Los Angeles County Superior Court on January 28, 2019 against defendant Wal-Mart Stores, Inc. ("Defendant"). Defendant removed the case to this Court on March 27, 2020 (*i.e.*, over one year after the case was filed), asserting the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff now moves to remand the action, and for an award of attorney's fees. Defendant filed an Opposition, but Plaintiff filed no Reply and thus offered no response to Defendant's argument against the motion. The Court finds that this motion can be resolved without the need for oral argument. Thus, the May 28, 2020 hearing is taken off-calendar.

In the motion, Plaintiff argues only that Defendant did not timely remove the action because Defendant had notice of a sufficient amount-in-controversy well before the date Defendant claimed in its Notice of Removal. Specifically, Plaintiff points to Defendant's receipt of records on February 22, 2019 – prior to Plaintiff's service of Defendant in this case, *see* Phillips & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2020) ¶ 2:3323.5 (observing that precomplaint documents cannot constitute an "other paper" eligible to trigger a removal period under 28 U.S.C. § 1446(b)(3)) – indicating that Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-2902-GW-Ex | Date | May 27, 2020 |
| Title | *Darnell Henley v. Walmart Stores, Inc.* | Page | 2 of 3 |

had been recommended for surgery.[1] In its Notice of Removal, Defendant asserted that a sufficient amount-in-controversy was revealed only when Defendant received medical bills on March 11, 2020, from one of Plaintiff's medical providers, Israel P. Chambi, M.D., totaling approximately $112,850. *See* Notice of Removal ¶ 13; Declaration of Stephan Choo in Support of Notice of Removal of Civil Action to United States District Court, Docket No. 1-1, ¶ 10 & Exh. I; Declaration of Stephan Choo in Support of Defendant's Opposition to Motion to Remand, Docket No. 18-1, ¶ 11.

With the exception of severe or extreme cases, records reflecting the occurrence of a surgery, in the absence of records reflecting *the amount paid for that surgery*, will not by themselves automatically give a defendant a sufficient basis for proving the necessary amount-in-controversy for diversity jurisdiction by the applicable preponde-rance of the evidence standard.[2] *See, e.g., Tolentino v. Costco Wholesale Corp.*, No. 2:17-cv-02425-KJM-DB, 2018 WL 740134, *2 (E.D. Cal. Feb. 7, 2018); *Mitchell v. John Bean Techs. Corp.*, No. 17-cv-1213-WQH-RBB 2017 WL 4675628, *3 (S.D. Cal. Oct. 18, 2017); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). Even if Defendant learned in November 2019 of facts indicating that the type of surgery involved would cost approximately $100,000, *see* Declaration of Evan Blair, Docket No. 13, ¶ 15 & pg. 47 of 106, until Defendant learned whether Plaintiff (or Plaintiff's

---

[1] Despite noting in the motion that the case had been litigated over a year before removal, *see* Docket No. 13, at 4:5-7, 5:11-14, Plaintiff does *not* base this motion on the fact that Defendant removed the case over one year after it was first filed. *See* 28 U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."). That potential basis for objecting to the removal has now been waived insofar as it was not raised by way of motion to remand within 30 days of Defendant's removal of the action. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1044-45 (9th Cir. 2014); 28 U.S.C. § 1447(c) (requiring remand motions based on defects "other than lack of subject matter jurisdiction" to be filed within 30 days of notice of removal's filing).

[2] This is not to say that defendants will not at least occasionally successfully remove in cases where a surgery is pled as a basis for damages in a complaint without the exact amount of that surgery having been demonstrated yet. But whether a defendant *may* do so (and do so successfully) is not the same question as whether a defendant *must* do so within thirty days because the amount-in-controversy is staring the defendant in the face.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-2902-GW-Ex | Date | May 27, 2020 |
| Title | *Darnell Henley v. Walmart Stores, Inc.* | Page | 3 of 3 |

insurer) actually paid (or was expected to pay) that amount, the amount-in-controversy would not be satisfied. *See Howell v. Hamilton Meats & Provisions, Inc.*, 52 Cal.4th 541, 548 (2011). Thus, in the absence of any indication from Plaintiff that Defendant had the necessary billing records more than 30 days before Defendant removed the case, Plaintiff's motion for remand (and accompanying request for attorney's fees) is denied.