KATHLEEN STRICKLAND (SBN 64816)
STEPHAN CHOO (SBN 284395)
ROPERS MAJESKI PC
150 Spear Street, Suite 850
San Francisco, CA 94105
Telephone:  415.543.4800
Facsimile:  415.972.6301
Email:      kathleen.strickland@ropers.com
            stephan.choo@ropers.com

Attorneys for Defendant
WAL-MART STORES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL HENLEY, | Case No. 2:20-cv-02902 GW (ASx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| WAL-MART STORES, INC.; DOES 1 to 20, | Judge:      Hon. George H. Wu<br>Trial Date:  October 13, 2020 |
| Defendants. | |

1.   A.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local

ROPERS MAJESKI
A Professional Corporation
San Francisco

Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.    GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    DEFINITIONS

2.1    Action:  This pending federal law suit identified with its caption and case number.

ROPERS
MAJESKI

A Professional Corporation
San Francisco

2.2     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel: attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.  This also encompasses counsel that act as consultants for an attorney or law firm.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."  All pages impacted by this designation must be marked with this designation in clear language so this designation is as conspicuous as possible.

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed

otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

   5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

ROPERS MAJESKI

A Professional Corporation
San Francisco

1  If it comes to a Designating Party's attention that information or items that it
2  designated for protection do not qualify for protection, that Designating Party must
3  promptly notify all other Parties that it is withdrawing the inapplicable designation.

4      5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in
5  this Order (see, e.g., second paragraph of section 5.2(a) below), or as
6  otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for
7  protection under this Order must be clearly so designated before the material is
8  disclosed or produced.

9      Designation in conformity with this Order requires:

10      (a)   for information in documentary form (e.g., paper or electronic
11  documents, but excluding transcripts of depositions or other pretrial or trial
12  proceedings), that the Producing Party affix at a minimum, the legend
13  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
14  contains protected material.  If only a portion or portions of the material on a
15  page qualifies for protection, the Producing Party also must clearly identify the
16  protected portion(s) (e.g., by making appropriate markings in the margins).

17      A Party or Non-Party that makes original documents available for inspection
18  need not designate them for protection until after the inspecting Party has indicated
19  which documents it would like copied and produced.  During the inspection
20  and before the designation, all of the material made available for inspection
21  shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the
22  documents it wants copied and produced, the Producing Party must determine
23  which documents, or portions thereof, qualify for protection under this Order.
24  Then, before producing the specified documents, the Producing Party must affix the
25  "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a
26  portion or portions of the material on a page qualifies for protection, the Producing
27  Party also must clearly identify the protected portion(s) (e.g., by making
28  appropriate markings in the margins).

ROPERS
MAJESKI
A Professional Corporation
San Francisco

(b)   for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on

ROPERS
MAJESKI

A Professional Corporation
San Francisco

the challenge

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action

1    and who have signed the "Acknowledgment and Agreement to Be Bound"

2    (Exhibit A);

3                    (g)   the author or recipient of a document containing the information

4    or a custodian or other person who otherwise possessed or knew the information;

5                    (h)   during their depositions, witnesses ,and attorneys for witnesses, in

6    the Action to whom disclosure is reasonably necessary provided: (1) the deposing

7    party requests that the witness sign the form attached as Exhibit 1 hereto; and

8    (2) they will not be permitted to keep any confidential information unless they sign

9    the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

10   agreed by the Designating Party or ordered by the court.  Pages of transcribed

11   deposition testimony or exhibits to depositions that reveal Protected Material

12   may be separately bound by the court reporter and may not be disclosed to anyone

13   except as permitted under this Stipulated Protective Order; and

14                   (i)   any mediator or settlement officer, and their supporting

15   personnel, mutually agreed upon by any of the parties engaged in settlement

16   discussions.

17   8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

18   IN OTHER LITIGATION

19          If a Party is served with a subpoena or a court order issued in other litigation

20   that compels disclosure of any information or items designated in this Action

21   as "CONFIDENTIAL," that Party must:

22                   (a)   promptly notify in writing the Designating Party.  Such

23   notification shall include a copy of the subpoena or court order;

24                   (b)   promptly notify in writing the party who caused the subpoena or

25   order to issue in the other litigation that some or all of the material covered by the

26   subpoena or order is subject to this Protective Order.  Such notification shall

27   include a copy of this Stipulated Protective Order; and

28                   (c)   cooperate with respect to all reasonable procedures sought to be

A Professional Corporation
San Francisco

ROPERS
MAJESKI

1  pursued by the Designating Party whose Protected Material may be affected.

2      If the Designating Party timely seeks a protective order, the Party served

3  with the subpoena or court order shall not produce any information designated in

4  this action as "CONFIDENTIAL" before a determination by the court from

5  which the subpoena or order issued, unless the Party has obtained the

6  Designating Party's permission. The Designating Party shall bear the burden

7  and expense of seeking protection in that court of its confidential material and

8  nothing in these provisions should be construed as authorizing or encouraging a

9  Receiving Party in this Action to disobey a lawful directive from another court.

10  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

11  PRODUCED IN THIS LITIGATION

12      (a)    The terms of this Order are applicable to information produced by a

13  Non-Party in this Action and designated as "CONFIDENTIAL." Such information

14  produced by Non-Parties in connection with this litigation is protected by the

15  remedies and relief provided by this Order. Nothing in these provisions should

16  be construed as prohibiting a Non-Party from seeking additional protections.

17      (b)    In the event that a Party is required, by a valid discovery request, to

18  produce a Non-Party's confidential information in its possession, and the Party is

19  subject to an agreement with the Non-Party not to produce the Non-Party's

20  confidential information, then the Party shall:

21      (1)    promptly notify in writing the Requesting Party and the Non-

22  Party that some or all of the information requested is subject to a confidentiality

23  agreement with a Non-Party;

24      (2)    promptly provide the Non-Party with a copy of the Stipulated

25  Protective Order in this Action, the relevant discovery request(s), and a reasonably

26  specific description of the information requested; and

27      (3)    make the information requested available for inspection by the

28  Non-Party, if requested.

4832-4842-5670.2

- 10 -

(c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work

ROPERS
MAJESKI

A Professional Corporation
San Francisco

1   product protection, the parties may incorporate their agreement in the stipulated

2   protective order submitted to the court.

3   12.   MISCELLANEOUS

4   12.1   Right to Further Relief.  Nothing in this Order abridges the right of

5   any person to seek its modification by the Court in the future.

6   12.2   Right to Assert Other Objections.  By stipulating to the entry of

7   this Protective Order no Party waives any right it otherwise would have to

8   object to disclosing or producing any information or item on any ground not

9   addressed in this Stipulated Protective Order.  Similarly, no Party waives any

10  right to object on any ground to use in evidence of any of the material covered by

11  this Protective Order.

12  12.3   Filing Protected Material.  A Party that seeks to file under seal any

13  Protected Material must comply with Civil Local Rule 79-5.  Protected Material

14  may only be filed under seal pursuant to a court order authorizing the sealing of the

15  specific Protected Material at issue.  If a Party's request to file Protected Material

16  under seal (via protective order motion or otherwise) is denied by the court, then the

17  Receiving Party may file the information in the public record unless otherwise

18  instructed by the court.

19  Defendant currently asserts that much of their document production from

20  their Custodian of Records/employees/agents/contractors is/are sensitive and

21  protected materials for one reason or another.  The parties have met and conferred

22  on this issue.  It is understood that Plaintiff does not wish to bear the burden and

23  expense of moving the court to seal documents that defendant designated as

24  Protected Material.

25  The parties agree that plaintiff should provide a reasonable five (5) day

26  notice to defendant, of the need to use, reference and file with the court, certain

27  Protected Material when filing court documents.  It is agreed to by the parties, that

28  plaintiff may file motion papers or other court filings, including motion opposition

ROPERS
MAJESKI

A Professional Corporation
San Francisco

1  papers, that reference the Protected Material by its stamped Bates Numbers with

2  pre-fix "DEF_".

3       The burden is then on defendant to move the court to seal the specific pages

4  of the Protected Material, whether an exhibit or otherwise.  Defendant must move

5  the court within five (5) business days to seek an order to seal the Protected

6  Material.  If and when the court order permitting the filing of the Protected Material

7  "under seal" is issued to moving party defendant, defendant shall, no later than 72

8  hours, file the unredacted and complete identified sensitive material or document at

9  issue with the court under seal.

10       The intent and goal is to not reduce plaintiff's time permitted to file or

11  oppose motions or engage in other court filings that use and reference protected

12  materials.   The intent and goal is for plaintiff to file as complete papers as possible,

13  which may include references to defendant's protected material, and provide and

14  instigate defendant to take steps to obtain an order to obtain an order that permits

15  sealing, and then defendant *immediately* file the referenced protected materials

16  under seal or not file them under seal, so the court may then review the alleged

17  sensitive protected materials at issue, alongside plaintiff's filed papers.

18       This same procedure may also work in reverse as to the two parties in this

19  case.  However, plaintiff does not foresee any claim or need to assert the existence

20  of protected materials, at this point in time.

21  13.   FINAL DISPOSITION

22       After the final disposition of this Action, as defined in paragraph 4, within 12

23  months after the final disposition of the case, by way of a written request by the

24  Designating Party, each Receiving Party must return all Protected Material to the

25  Producing Party or destroy such material.  Plaintiff shall have up to 12 months to

26  destroy such materials from the date of request.  As used in this subdivision, "all

27  Protected Material" includes all copies, abstracts, compilations, summaries, and any

28  other format reproducing or capturing any of the Protected Material.

4832-4842-5670.2

- 13 -

ROPERS
MAJESKI

A Professional Corporation
San Francisco

1    Notwithstanding this provision, Counsel are entitled to retain an archival

2    copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

3    memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

4    work product, and consultant and expert work product, even if such materials

5    contain Protected Material. Any such archival copies that contain or constitute

6    Protected Material remain subject to this Protective Order as set forth in Section 4

7    and shall continue for as long as counsel preserve their files in due course at their

8    law firm.

9    14.    Any violation of this Order may be punished by any and all appropriate

10   measures including, without limitation, contempt proceedings and/or monetary

11   sanctions.

12        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13

14   Dated:                          LAW OFFICES OF
                                      GENE J. GOLDSMAN
15

16                                   By:   /s/  Evan A. Blair
17                                      EVAN A. BLAIR
                                        GENE J. GOLDSMAN
18                                      Attorneys for Plaintiff
                                        DARNELL HENLEY
19

20   Dated:                          ROPERS MAJESKI PC
21

22

23                                   By: /s/ Stephan Choo
                                        KATHLEEN N. STRICKLAND
24                                      STEPHAN CHOO
                                        Attorneys for Defendant
25                                      WAL-MART STORES, INC.

26

27

28

4832-4842-5670.2

STIPULATED PROTECTIVE ORDER
CASE NO. 2:20-CV-02902 GW (ASX)

ROPERS MAJESKI
A Professional Corporation
San Francisco

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

In compliance with Local Rule 5-1, the filing attorney attests that he has obtained concurrence regarding the filing and contents of this document with the other signatories thereto.

ROPERS
M A J E S K I

A Professional Corporation
San Francisco

1   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3

4   DATED:   8/10/20                          ./S/ CHARLES F. EICK
                                     _____

5                                          CHARLES F. EICK

6                                        U.S. MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROPERS
M A J E S K I
A Professional Corporation
San Francisco

ROPERS
MAJESKI

A Professional Corporation
San Francisco

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Central District of

California on _____, 2020, in the case of *Darnell Henley v. Wal-Mart

Stores, Inc.*, Case No. 2:20-cv-02902 GW (ASx).  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Order.  I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms of

this Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print or

type full name] of _____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____